**Sohg BO, aka Yun Sun, aka Song Bo, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 13–2743.

United States Court of Appeals, Second Circuit.

Oct. 29, 2014.

Theodore N. Cox, New York, NY, for Petitioner.

Stuart F. Delery, Assistant. Attorney General; Carl McIntyre, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sohg Bo, a native and citizen of China, seeks review of a July 5, 2013, decision of the BIA, affirming the January 31, 2012, decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying his motion to reopen. *In re Sohg Bo,* No. A077 736 280 (B.I.A. July 5, 2013), *aff'g* No. A077 736 280 (Immig. Ct. N.Y. City Jan. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (quotation marks and citations omitted). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir.2008).

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (quotation marks and citations omitted). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir.2008).

Bo filed a motion to reopen based on his claim that he fears forced sterilization in his home province of Zhejiang because he has had more than one child in violation of China's population control program. We find no error in the agency's determinations that Bo failed to demonstrate either

materially changed country conditions excusing the untimely and number-barred filing of his motion or his *prima facie* eligibility for asylum or related relief. *See id.* at 158–72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).